JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TIFFANIE MAHER and DOES 1–10,<br><br>　　　　　Defendants. | Case No.: CV 19-02154-CJC(GJSx)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Dkt. 39], GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 40], AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S UNRUH ACT CLAIM |

I. INTRODUCTION

Plaintiff Brian Whitaker brings this action under the Americans with Disabilities Act of 1990 ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") against Defendant Tiffanie Maher and unnamed Does. (Dkt. 14 [First Amended Complaint, hereinafter "FAC"].) Before the Court are the parties' cross motions for summary

judgment. (Dkt. 39 [Plaintiff's Motion, hereinafter "P. Mot."]; Dkt. 40 [Defendant's Motion, hereinafter "D. Mot."].) For the following reasons, Plaintiff's motion is **DENIED**, and Defendant's motion is **GRANTED IN PART**. The Court finds that Plaintiff lacks standing to pursue his ADA claim, which is **DISMISSED WITH PREJUDICE**. Because the Court lacks subject matter jurisdiction over Plaintiff's sole federal claim, it will not exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. Accordingly, this claim is **DISMISSED WITHOUT PREJUDICE** to allow Plaintiff to assert it in state court.[1]

## II. BACKGROUND

The following facts are undisputed unless otherwise noted. Plaintiff suffers from a C-4 spinal cord injury and uses a wheelchair for mobility. (Dkt. 44-1 [Defendant's Statement of Genuine Dispute, hereinafter "DSGD"] ¶ 1.) Defendant owns and operates Granny Takes A Trip, a clothing store in Redondo Beach, California ("the Store"). (*Id.* ¶¶ 2–3.) Plaintiff declares that he visited the Store on February 24, 2019 to shop for clothing. (FAC ¶¶ 8, 11; Dkt. 39-3 [Declaration of Brian Whitaker, hereinafter "Whitaker Decl."] ¶ 3.) However, when he went to pay for his items, Plaintiff could not find a wheelchair-accessible sales counter, which must be thirty-six inches off the ground. (*Id.* ¶¶ 5–6.) Instead, he had to use a higher sales counter, which caused "difficulty, discomfort and frustration." (*Id.* ¶ 7.)

At the time of Plaintiff's visit, the Store had a built-in, pull-out accessible sales counter. (Dkt. 40-4 [Declaration of Tiffanie Maher, hereinafter "Maher Decl."] ¶ 10; Dkt. 39-5.) However, photographs submitted by Plaintiff show that the pull-out counter

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for August 3, 2020 at 1:30 p.m. is hereby vacated and off calendar.

was obstructed by a movable, wheeled rack of clothing on the day he allegedly visited the Store. (*See* Dkt. 39-5.) Defendant claims that the pull-out counter is usually available, but may occasionally be obstructed by a movable rack of clothing when the Store receives new inventory. (*See* Maher Decl. ¶ 11.)

On March 22, 2019, Plaintiff filed this action, asserting one claim for injunctive relief under the ADA and one claim for actual and statutory damages under the Unruh Act. (Dkt. 1 [Complaint]; *see* FAC.) Plaintiff alleges that the Store does not maintain an accessible sales counter, in violation of the ADA and Unruh Act. (*See* FAC ¶¶ 11–14.) He asserts that this Court has federal question jurisdiction over his ADA claim, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over his Unruh Act claim, *see* 28 U.S.C. § 1367. (*Id.* ¶¶ 5–6.) In June 2019, the Court denied Defendant's motion to dismiss for lack of jurisdiction, holding that Plaintiff had standing to pursue both claims. (Dkt. 25.) The Court also rejected Defendant's request that it decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. (*See id.* at 4–5.)

### III.  DISCUSSION

#### A.  Plaintiff Lacks Standing to Pursue His ADA Claim

In her motion for summary judgment, Defendant argues that intervening events have rendered Plaintiff's ADA claim moot and that he now lacks standing to assert this claim. The Court agrees. The party invoking federal jurisdiction bears the burden of establishing standing under Article III of the Constitution. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To satisfy Article III's standing requirement, "a plaintiff must show (1) that [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to

merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Standing must be shown to support each form of relief requested. *See id.* at 185. At the summary judgment stage, a party invoking jurisdiction cannot rest on "mere allegations" but must "set forth by affidavit or other evidence specific facts" that establish standing. *Lujan*, 504 U.S. at 561.

Defendant argues that Plaintiff cannot satisfy the third element of standing—a likelihood that his injury will be redressed by a favorable decision—for his ADA claim. The Court agrees. Injunctive relief is the only remedy available in private actions for violations of Title III of the ADA. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). To establish redressability in an action for injunctive relief, a plaintiff must "demonstrate a sufficient likelihood that he will again be wronged in a similar way." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011). "That is, he must establish a real and immediate threat of repeated injury." *Id.* (quotation omitted). The Court finds that Plaintiff cannot satisfy this requirement.

In his First Amended Complaint, Plaintiff seeks injunctive relief "compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act" by providing an accessible sales counter. (*See* FAC at 7 [Prayer for Relief].) Plaintiff declares that he "visit[s] Redondo Beach often to eat and shop" and will return to the Store to shop once an accessible sales counter is available. (Whitaker Decl. ¶¶ 9–11.) However, while this action was pending, Defendant built a second accessible sales counter in a different part of the Store. (Maher Decl. ¶ 21.) The new sales counter is stationary—it does not fold or pull out. (*See id.*) Plaintiff concedes that the new sales counter is ADA compliant and therefore addresses his request for injunctive relief. (*See*

Dkt. 46 [Plaintiff's Opposition to D. Mot., hereinafter "P. Opp."] at 3; Dkt. 46 [Plaintiff's Response to Defendant's Statement of Uncontroverted Facts] ¶ 7 [undisputed that the Store installed a second, ADA-compliant sales counter on May 2, 2019].) In other words, he concedes that he cannot show "a real and immediate threat of repeated injury." *See Chapman*, 631 F.3d at 948. Plaintiff therefore cannot establish standing to pursue his ADA claim, and the Court lacks jurisdiction to adjudicate this claim. *See id.*; *Lujan*, 504 U.S. at 561. Accordingly, Defendant's motion for summary judgment is **GRANTED** and Plaintiff's motion is **DENIED** as to Plaintiff's ADA claim, which is hereby **DISMISSED WITH PREJUDICE**.

### B. Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim

The parties dispute whether, having dismissed Plaintiff's sole federal claim, the Court should continue to exercise supplemental jurisdiction over Plaintiff's remaining Unruh Act claim. Plaintiff argues that the Court has discretion to do so based on considerations of "judicial economy, convenience and fairness to [the] litigants." (P. Opp. at 7 [quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)].) However, unlike in the cases cited by Plaintiff, the Court does not resolve Plaintiff's federal claim on the merits—instead, it determines that it lacks subject matter jurisdiction. *Cf. Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 904 (9th Cir. 1983) (district court properly retained supplemental jurisdiction after dismissing federal claims on the merits at summary judgment); *Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227–28 (9th Cir. 1976) (district court properly retained supplemental jurisdiction after dismissing federal cause of action for failure to state a claim). The Ninth Circuit has emphasized this distinction. "If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir.

2001); *see Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) ("[W]ith the dismissal of Scott's federal constitutional claim for lack of standing, we have no authority to retain jurisdiction over Scott's [supplemental] state law claims."). This suggests that the Court has no authority to exercise supplemental jurisdiction in this action.

Regardless, to the extent the Court has discretion to retain supplemental jurisdiction over Plaintiff's Unruh Act claim, it declines to do so.[2] Under 28 U.S.C. § 1367(c), a district court has discretion to decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." "In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should consider . . . the values of judicial economy, convenience, fairness, and comity." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 715 (9th Cir. 1990) (internal quotation omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

This is one such "usual case." *See id.* Plaintiff has achieved a favorable resolution on his sole federal claim. After he filed this lawsuit, Defendant installed a second accessible sales counter that is "visible to any passerby." (Maher Decl. ¶ 21.) This is as much as Plaintiff could have expected from litigating his ADA claim. His remaining claim involves a unique feature of California law. Unlike the ADA, the Unruh Act permits both injunctive relief and monetary damages. A plaintiff may recover actual

---

[2] The Ninth Circuit seems to have never squarely addressed whether a district court phas discretion to retain supplemental jurisdiction over state law claims if a plaintiff's sole federal claim is rendered moot during the proceedings. *See Herman Family*, 254 F.3d at 806 ("Dismissal on jurisdictional grounds means that the court was without original jurisdiction and had no authority to do anything other than to determine its jurisdiction.").

damages for each offense "up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Cal. Civ. Code § 52(a). Although the substantive protections of the Unruh Act mirror the ADA, damages must be assessed according to California law. *See id.* §§ 51(f), 52(a). Considerations of comity suggest that a California court is better situated to assess what damages, if any, should be awarded to Plaintiff. *See Nishimoto*, 903 F.2d at 715.

The remaining factors—judicial economy, convenience, and fairness—do not change the Court's assessment. *See id.* California courts impose various procedural requirements on construction-related accessibility actions. *See* Cal. Civ. Proc. Code § 425.50; *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017). Accordingly, Plaintiff would prefer to litigate in federal court, and Defendant prefers state court. Having dismissed Plaintiff's sole federal claim for lack of a live case or controversy, it does not seem unfair to require Plaintiff to litigate his state law claim in state court. *See Nishimoto*, 903 F.2d at 715. Although the parties have apparently engaged in some discovery, this is not a complicated case. Any concerns about judicial economy and convenience are modest. If Plaintiff's Unruh Act claim must proceed to trial, it may well be faster for the parties to proceed in state court.

"[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon Univ.*, 484 U.S. at 350. Having dismissed Plaintiff's sole federal claim for lack of standing, the Court declines to exercise supplemental jurisdiction over his Unruh Act claim. Accordingly, this claim is **DISMISSED WITHOUT PREJUDICE** to allow Plaintiff to assert it in state court. Plaintiff and Defendant's motions for summary judgment on this claim are therefore **DENIED AS MOOT**.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **DENIED**, and Defendant's motion is **GRANTED IN PART**. Plaintiff's ADA claim is **DISMISSED WITH PREJUDICE**. Plaintiff's Unruh Act claim is **DISMISSED WITHOUT PREJUDICE** to allow Plaintiff to assert it in state court. A judgment consistent with this Order will follow.

DATED: July 31, 2020

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE